Evans, J.
delivered the opinion of the Court.
The common law does not attempt to enforce that principle of Christian forbearance which enjoins that we should overcome evil by good; yet, as a general rule, it allows no exertion of. force which endangers the peace of society in the enforcement of our most undisputed rights of person and property. If one unlawfully attempt to dispossess another of his property, he may be repelled with such force as is necessary to maintain possession. This is the law of self de-fence whi'ch is recognized only in those cases where, if one were compelled to resort to the slow process of the law, the injury would be irreparable. Where the possession is in another, the owner may take possession, if he can do so without tumult or riot, or breach of the peace. If this cannot be done, he must resort to the law. Any other doctrine would resolve every disputed right into a question of power: the strong would, always prevail over the weak. In this case, the sufficiency of the defendant’s plea depends, upon this: Did he have possession, and did he do no more than was necessary to maintain that possession ? I incline to the opinion that an overseer is but the servant (I do not mean the slave) of the employer, and that his possession is the possession of the owner. This is certainly true, for many purposes — if the defendant had seized the keys, and wrested them from the plaintiff’s hand, using only such degree of force as was necessary, this I should suppose would not be trespass, and yet it would be technically an assault and battery, if they had been in the possession of a stranger. .The argument is, that the refusal of the servant to deliver the keys, is a disturbance of the master’s possession, and that he may lawfully use *241 force to regain it. There is-something at least of plausibility in this argument. But perhaps it is too refined to be laid down as a rule of practical operation. And in the view we take of this case, it is not intended to express any opinion upon it. We are all of opinion the defendant’s plea was not sustained by the evidence, and that the Circuit Court was right in so charging the jury. Admitting the right to use force to regain the possession of his keys, the law allows of only so much as is necessary to accomplish this object. That which was employed by the defendant greatly exceeded this measure. Without demanding the keys the next morning^ after the refusal, he in a violent manner had the plaintiff seized and tied like a slave, and kept him tied for hours after the keys were obtained. But it is said this was necessary in order to_ regain possession of his plantation. In any view of the case, I am satisfied that, although the planter may be liable for a breach of the contract, yet he is entitled to have the possession of his property whenever he chooses to demand it — and that his overseer is bound in law to surrender it when demanded, and if he refuses, after reasonable notice, to quit, he may be put out, and I see no reason why the planter’s negroes may not be called to assist. But in such case the overseer is entitled to reasonable notice, that he may seek another habitation, and no more force must be used than is necessary. If the defendant had waited until the time when he had given the plaintiff notice to surrender the possession to his successor, and had then required him to depart, and upon his refusal had put him out of the possession as gently as the exigency of the case required, his case would be very different from what it is. It appears, from the evidence, that on the refusal of the plaintiff to leave the place the second day before the one on which he had been notified to quit, the defendant concerted his scheme, and the next morning, when the plaintiff came out of the house, he was forcibly seized, tied, and kept tied for several hours, before the tide served to carry him to the opposite bank of the river. This conduct was not justifiable. It was not the use of such force as was necesrary to remove -one who invades the owner’s possession of his property, and will not depart when requested to do so. We are therefore all of opinion that the plea of the defendant was not sustained. The plaintiff’s conduct was not by any means free from blame; and we should have been better satisfied if the verdict had been for a less sum. There is no case like this in which a new trial has been granted on the sole ground of excessive damages. I do not mean to say that no such can occur, but the fact that it never has been done, proves that the case must be a very *242 extraordinary one in which it is .to be done for the first time. We do not think this such a case; there was much in the defendant’s conduct to incur the disapprobation of the jury. The owner of slaves may lawfully employ them to assist him in maintaining his legal rights; but to use them as the sole instruments of executing his will, is offensive to all ideas of propriety in a slave-holding community. The violation of the person of a freeman by a slave is prohibited by the severest penalty of law, which in this respect is but the exponent of public opinion. It can only be excused when done by the command or in defence of the master, in a clear case of necessity. This the defendant has not made out. To employ slaves in binding with cords the person of a freeman, who but the day before were bound to obey him, was calculated to degrade him — to produce those feelings of abasement and mortified pride which almost necessarily lead 'to those acts of violence and revenge which the láw so much endeavors to repress. The defendant is represented as a quiet and peaceable .man, but he does not seem to have'undetstood that relation which exists in popular sentiment between the white man and the negro., the freeman and the slave; .which no man can violate'with impunity. We do not, therefore think his-case- one which -requires a departure''from that rule of the Court so often repeated, that in a question of damages merely, the verdict of the jury is, in general, final and conclusive. The motion must therefore be dismissed, and it is so ordered.
Rici-iabdsoN, J. Wardlaw, J. O’Neall, J. Frost, J. and Withers, J.. concurred.

Motion refused.